UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIKA PATERNOSTRO,<br><br>   Plaintiff,<br><br>   v.<br><br>CITY OF LODI and DOES 1 through 10,<br><br>   Defendant. | No. 2:17-cv-02062-TLN-KJN<br><br>**ORDER** |

This matter is before the Court on Defendant City of Lodi's ("Defendant") Motion for Summary Judgment. (ECF No. 11.) Plaintiff Marika Paternostro ("Plaintiff") opposed the motion. (ECF No. 12.) Defendant replied. (ECF No. 18.) For the reasons discussed herein, the Court GRANTS Defendant's Motion for Summary Judgment. (ECF No. 11.)

///
///
///
///
///
///

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

On October 22, 2016, Plaintiff and her boyfriend Joseph Mann ("Mann") were arguing loudly in the living room of Mann's apartment when two police officers employed by Defendant — Officers Gerald Bahr ("Officer Bahr") and Dominic Carillo ("Officer Carillo") — arrived in response to a call for service involving possible domestic violence. (ECF No. 1 at ¶ 8; ECF No. 11-5, Defendant's Statement of Undisputed Facts ("DSUF"), at ¶¶ 8–14.) Mann told Officer Carillo Plaintiff had recently been dropped off by California Highway Patrol after she had been arrested for drunk driving and that she was intoxicated. (ECF No. 11-5, DSUF, at ¶ 15.)

While Mann was speaking with Officer Carillo, Plaintiff went to the bedroom to change her clothes. (ECF No. 1 at ¶ 8; ECF No. 11-5, DSUF, at ¶ 21.) Officer Bahr followed her there to limit her movement and facilitate the domestic violence investigation, while Officer Carillo remained in the living room with Mann. (ECF No. 1 at ¶ 8; ECF No. 11-5, DSUF, at ¶¶ 22, 26–29.) Plaintiff told Officer Bahr to leave the apartment (ECF No. 11-5, DSUF, at ¶ 25) and that she wanted to return to the living room to retrieve jeans she had left there (ECF No. 1 at ¶ 8). Officer Bahr refused to leave, did not allow Plaintiff to leave the room, and blocked the doorway. (*Id.*; ECF No. 11-5, DSUF, at ¶ 26.) When Plaintiff attempted to leave the room through the doorway, Officer Bahr pushed her to the ground. (ECF No. 1 at ¶ 8; ECF No. 11-5, DSUF, at ¶¶ 29–30.) Plaintiff injured her wrist while attempting to brace her fall. (ECF No. 1 at ¶ 9; ECF No. 11-5, DSUF, at ¶ 32.)

On August 30, 2017, Plaintiff initiated this action in the San Joaquin County Superior Court. (ECF No. 1 at 1.) Plaintiff alleges four claims against Defendant for: (1) negligence; (2) intentional infliction of emotional distress; (3) negligent infliction of emotional distress; and (4) violation of civil rights pursuant to 42 U.S.C. § 1983 ("§ 1983"), the Fourth Amendment of the United States Constitution, and Article I, § 7(a) of the California Constitution. (*See id.* at 7–12.) On October 3, 2017, Defendant removed the case to this Court. (*Id.*) On November 5, 2018, Defendant filed the instant Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure ("Rule") 56. (ECF No. 11.) On November 20, 2018, Plaintiff filed an opposition (ECF No. 12), and on November 29, 2018, Defendant filed a reply (ECF No. 18).

## II. STANDARD OF LAW

Summary judgment is appropriate when the moving party demonstrates no genuine issue of any material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis of its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file together with affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." *Id.* at 324 (internal quotation marks omitted). Indeed, summary judgment should be entered against a party who does not make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87 (1986); *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288–89 (1968). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Fed. R. Civ. P. 56(c). The opposing party must demonstrate that the fact in contention is material, *i.e.*, a fact that might affect the outcome of the suit under the governing law, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986), and that the dispute is genuine, *i.e.*, the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.* at 251–52.

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at

trial." *First Nat'l Bank of Ariz.*, 391 U.S. at 288–89. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita Elec. Indus. Co.*, 475 U.S. at 587 (quoting Rule 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with any applicable affidavits. Fed. R. Civ. P. 56(c); *SEC v. Seaboard Corp.*, 677 F.2d 1301, 1305–06 (9th Cir. 1982). The evidence of the opposing party is to be believed and all reasonable inferences that may be drawn from the facts pleaded before the court must be drawn in favor of the opposing party. *Anderson*, 477 U.S. at 255. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. *Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1244–45 (E.D. Cal. 1985), *aff'd*, 810 F.2d 898 (9th Cir. 1987). Finally, to demonstrate a genuine issue that necessitates a jury trial, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.*, 475 U.S. at 586. "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Id.* at 587.

### III. ANALYSIS[1]

Defendant moves for summary judgment as to all of Plaintiff's claims. (*See* ECF No. 11.) The Court will address each claim in turn.

///

///

---

[1] Defendant requests the Court take judicial notice of Exhibit A, which is the Complaint filed by Plaintiff in San Joaquin County Superior Court on August 30, 2017. (*See* ECF No. 11-6.) Plaintiff does not oppose Defendant's request. (*See* ECF No. 12.) The Court may take judicial notice of facts that can be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Exhibit A is a matter of public record suitable for judicial notice. *See Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1198 (9th Cir. 1988) (holding proceedings and determinations of the courts are a matter of public record suitable for judicial notice). Accordingly, Defendant's Request for Judicial Notice of Exhibit A is GRANTED. (ECF No. 11-6.)

### A. Claims One and Two: Negligence and Intentional Infliction of Emotional Distress

Defendant moves for summary judgment on Claim One for negligence and Claim Two for intentional infliction of emotional distress, arguing the undisputed facts demonstrate Officer Bahr exercised reasonable force under the circumstances and his conduct did not amount to extreme and outrageous behavior. (ECF No. 11-1 at 10–14.) In opposition, Plaintiff argues triable issues of fact exist regarding whether Officer Bahr's use of force was reasonable or whether his conduct is considered outrageous. (ECF No. 12 at 10–12.) However, the Court finds it unnecessary to reach the merits of the parties' arguments. Plaintiff is suing Defendant for the actions of its employees, yet she fails to provide a basis for Defendant's liability. Thus, the Court cannot find in Plaintiff's favor as a matter of law.

The California Tort Claims Act provides: "Except as otherwise provided by statute[,][a] public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person." Cal. Gov. Code § 815. "California courts have interpreted § 815 to require a specific statutory basis for either direct or indirect claims against a public entity." *Johnson v. Sacramento Cnty.*, No. Civ. S-06-0169 RRB GGH, 2007 WL 2391015, at *3 (E.D. Cal. Aug. 22, 2007) (citing *Eastburn v. Reg'l Fire Prot. Auth.*, 31 Cal. 4th 1175, 1179–82 (2003); *Munoz v. City of Union City*, 120 Cal. App. 4th 1077, 1110–12 (2004)).

Here, nowhere in Plaintiff's Complaint or opposition does she explain whether she is holding Defendant directly or vicariously liable for Claims One and Two, nor does she specify a statutory basis for either claim. (*See* ECF Nos. 1, 12.) "[T]he necessary factual averments are required with respect to each material element of the underlying legal theory . . . Simply put, summary judgment is not a procedural second chance to flesh out inadequate pleadings." *Wasco Prod., Inc. v. Southwall Techs., Inc.*, 435 F.3d 989, 992 (9th Cir. 2006). As Plaintiff has still not provided a statutory basis for these claims at this stage, the Court cannot find that Plaintiff has raised a triable issue of material fact precluding summary judgment. *See Kong Meng Xiong v. City of Merced*, No. 1:13-cv-00083-SKO, 2015 WL 4598861, at *33 (E.D. Cal. July 29, 2015)

(granting defendants' summary judgment motion on a negligence claim against the city because "[plaintiff] has not alleged an independent statutory basis for imposing on Merced liability for his common law negligence claim, as required by California law, and he does not identify any statutory basis in his opposition."); *Fonseca v. City of Fresno*, No. 1:10-cv-00147 LJO DLB, 2012 WL 44041, at *16 (E.D. Cal. Jan. 9, 2012) (granting defendants' summary judgment motion on plaintiffs' claim against the city for negligence in hiring, training, supervising, monitoring, and recording because plaintiffs failed to provide statutory authority holding the city directly liable for such a claim); *Cardinal v. Buchnoff*, No. 06cv72-MMA(BLM), 2010 WL 3609489, at *2 (S.D. Cal. Sept. 14, 2010) (granting defendants' summary judgment motion and rejecting plaintiffs' assertion of California Government Code § 815.2(a), "which holds a public entity vicariously liable for its employees' torts committed within the scope of employment," as a sufficient basis upon which to seek direct tort liability against a municipality); *cf. Hofer v. Emley*, No. 19-cv-02205-JSC, 2019 WL 4575389, at *21 (N.D. Cal. Sept. 20, 2019) (dismissing a negligence claim against the city because plaintiffs failed to plead a statutory basis for vicarious liability under § 815.2(a) and provide facts supporting such a theory of liability); *Young v. City of Visalia*, 687 F. Supp. 2d 1155, 1164–65 (E.D. Cal. 2010) (dismissing municipal tort liability despite plaintiffs' identification of § 815.2(a) as their basis for vicarious liability against the city because this provision was not identified in the amended complaint, nor were there allegations in the claim that individual officers were acting within the course and scope of their employment as municipal employees). Accordingly, the Court GRANTS Defendant's motion as to Claims One and Two.

### B. Claim Three: Negligent Infliction of Emotional Distress

Defendant moves for summary judgment on Claim Three, arguing Plaintiff is a "direct victim" versus a "bystander," and that "direct victims" may recover damages in only three types of factual situations[2] — none of which apply in the present case. (ECF No. 11-1 at 14.) Therefore, Defendant maintains the claim fails as a matter of law. (*Id.*) As Plaintiff fails to

---

[2] Defendant notes these factual situations include negligent mishandling of corpses, negligent misdiagnosis of a disease that could potentially harm another, and negligent breach of a duty arising out of a preexisting relationship. (ECF No. 11-1 at 14.)

address this issue in opposition (*see* ECF No. 12), Defendant contends Plaintiff concedes this argument and the motion should be granted with respect to this claim (ECF No. 18 at 8).

However, the Court may not grant a motion for summary judgment because Plaintiff fails to challenge what is asserted by the moving party. *See Pinder v. Emp. Dev. Dep't*, 227 F. Supp. 3d 1123, 1135–36 (E.D. Cal. 2017) ("A district court 'cannot base the entry of summary judgment on the mere fact that the motion is unopposed, but, rather must consider the merits of the motion.'") (citing *Leramo v. Premier Anesthesia Med. Grp.*, No. CV F 09-2083 LJO JTL, 2011 WL 2680837, at *8 (E.D. Cal. July 8, 2011), *aff'd*, 514 F. App'x 674 (9th Cir. 2013) (quoting *United States v. One Piece of Real Property, etc.*, 363 F.3d 1099, 1101 (11th Cir. 2004)). The Court must address the merits of Defendant's motion, but deficiencies with Plaintiff's claim make such a consideration of the merits unnecessary.

Under California law, "[t]here is no independent tort of negligent infliction of emotional distress . . . Rather, the tort is negligence." *Campos v. City of Merced*, 709 F. Supp. 2d 944, 966 (E.D. Cal. 2010) (internal citation omitted) (citing *Potter v. Firestone Tire & Rubber Co.*, 6 Cal. 4th 965, 984 (1993)). As Plaintiff has already pleaded a negligence claim in Claim One, Claim Three is duplicative. *See Gualillo v. San Francisco Police Dep't*, No. 16-cv-05584-JSC, 2017 WL 6059275, at *4 (N.D. Cal. Dec. 7, 2017) (dismissing plaintiff's negligent infliction of emotional distress claim on a motion for summary judgment as duplicative of his negligence claim); *see also C.T. v. Valley Stream Union Free Sch. Dist.*, 201 F. Supp. 3d 307, 327 (E.D. N.Y. 2016) (granting summary judgment on negligent infliction of emotional distress claim because it was duplicative of plaintiff's other negligence claim). Furthermore, even if Claim Three were not duplicative of Claim One, it would also fail because it lacks a basis for municipal liability. (*See* ECF Nos. 1, 12.) Similar to Claims One and Two, Claim Three does not specify whether Defendant is directly or indirectly liable for negligent infliction of emotional distress, nor does the Complaint or opposition specify a statutory basis for the claim. (*See id.*) Without a statutory basis, the claim fails as a matter of law. *See Kong Meng Xiong*, 2015 WL 4598861, at *33; *Fonseca*, 2012 WL 44041, at *16; *Cardinal*, 2010 WL 3609489, at *2; *cf. Hofer*, 2019 WL 4575389, at *21; *Young*, 687 F. Supp. 2d at 1164–65. Accordingly, the Court GRANTS

Defendant's motion as to Claim Three.

### C. Claim Four: Violation of Civil Rights[3]

Defendant moves for summary judgment on Claim Four, arguing Plaintiff: (1) cannot establish *Monell* liability based on vicarious liability (ECF No. 11-1 at 8); and (2) failed to provide evidence of a policy, practice, or custom that caused the violation of her rights (*Id.* at 9–10; ECF No. 18 at 5–6). The Court will address each of these arguments in turn.[4]

#### i. Vicarious Liability

Defendant argues Claim Four fails as a matter of law because Plaintiff relies on a theory of vicarious liability, which does not attach in a § 1983 claim. (ECF No. 11-1 at 8.) Plaintiff does not address this argument in opposition. (*See* ECF No. 12 at 8–10.) The Court agrees with Defendant. A government entity may be held liable under § 1983, but such liability must be founded upon evidence that the government unit itself supported a violation of constitutional rights and not on the basis of the *respondeat superior* doctrine or vicarious liability. *See Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 689–91 (1977) ("[W]e conclude that a

---

[3] The Complaint asserts Claim Four pursuant to § 1983 as well as Article I, § 7(a) of the California Constitution ("§ 7(a)"). However, the parties do not address any § 7(a) claim in their briefings. With respect to Claim Four, Plaintiff seeks economic, non-economic, and punitive damages, as well as interest and costs of the lawsuit. (*See* ECF No. 1 at 11–12.) To the extent Plaintiff intended to bring a § 7(a) claim, the claim must be dismissed because a plaintiff may not recover monetary damages under § 7(a). *See Javor v. Taggart*, 98 Cal. App. 4th 795, 807 (2002), *as modified* (May 23, 2002) ("It is beyond question that a plaintiff is not entitled to damages for a violation of the due process clause or the equal protection clause of the state Constitution.") (internal citations omitted); *Hutchinson v. Mara*, No. 1:09-cv-2052-LJO-JLT, 2010 WL 235068, at *3 (E.D. Cal. Jan. 21, 2010) (citing *Katzberg v. Regents of Univ. of Cal.*, 29 Cal. 4th 300, 303 (2002) (no private right of action of the due process and equal protection clauses under California Constitution, Art. I, § 7(a)).

[4] Plaintiff asserts Claim Four against "the County and Does 1 through 10" and not against Defendant City of Lodi. (ECF No. 1 at 10.) Defendant raised this discrepancy in its motion, noting the claim is alleged against the "'[County]' as a result of the actions of individual officers 'acting under the color of state law'" but there are no individual defendants in this case. (ECF No. 11-1 at 8.) However, Plaintiff did not clarify or confirm in her opposition that she intended to bring this claim as against the "County." (*See generally* ECF No. 12.) Moreover, Plaintiff does not allege any wrongdoing by any specific "County" employees. (*See generally* ECF Nos. 1, 12.) The Court therefore assumes Claim Four as against the "County" was an error. For the purposes of clarification and moving forward in this case, the Court will construe Claim Four as alleged against Defendant, absent any indication to the contrary from Defendant.

8

municipality cannot be held liable *solely* because it employs a tortfeasor — or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory."). Accordingly, to the extent Claim Four relies on a theory of vicarious liability, the claim fails as a matter of law.

                    *ii.    Failure to Establish a Policy, Practice, or Custom*

Defendant asserts Claim Four fails to adequately plead or provide evidence of Defendant's policy, practice, or custom that resulted in the alleged Fourth Amendment violation. (ECF No. 11-1 at 9.) In opposition, Plaintiff argues Claim Four includes the allegation "that Defendant failed to adequately train their [o]fficers regarding excessive force, which directly implicates Defendant's policies, customs, and practices." (ECF No. 12 at 8–9.) Plaintiff thus argues Claim Four does not fail as a matter of law because disputed factual issues exist regarding Officer Bahr's use of force. (*Id.*) In reply, Defendant argues Plaintiff fails to provide evidence supporting her allegations and "relies entirely on a factually unsupported allegation of 'failure to train,'" which is insufficient to withstand Defendant's motion. (*See* ECF No. 18 at 5–6.) The Court again agrees with Defendant.

To impose liability on Defendant for deficiencies in its policies or procedures, or for a failure to adequately train its employees, Defendant's omissions must amount to "deliberate indifference" to a constitutional right. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989); *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1076 (9th Cir. 2016). To succeed, Plaintiff must demonstrate specific training deficiencies and either (1) that policy-making officials were aware of a pattern of constitutional violations, or (2) that training is obviously necessary to avoid constitutional violations. *City of Canton, Ohio*, 489 U.S. at 390–91. The failure must be the result of "a 'deliberate' or 'conscious' choice by a municipality." *Id.* at 389. Neither negligent nor even grossly negligent training by itself gives rise to a § 1983 municipal liability claim. *Id.* at 391–92 ("In virtually every instance where a person has had his or her constitutional rights violated by a city employee, a § 1983 plaintiff will be able to point to something the city 'could have done' to prevent the unfortunate incident . . . Thus, permitting cases against cities for their 'failure to train' employees to go forward under § 1983 on a lesser standard of fault would result in de facto *respondeat superior* liability on municipalities — a result we rejected in *Monell*.").

The Court additionally notes that "[w]hile inadequate training may amount to a policy for *Monell* liability, 'adequately trained officers occasionally make mistakes; the fact that they do says little about the training program or the legal basis for holding the [municipality] liable.'" *Sanders v. City of Fresno*, 551 F. Supp. 2d 1149, 1179 (E.D. Cal. 2008), *aff'd*, 340 F. App'x 377 (9th Cir. 2009) (quoting *City of Canton, Ohio*, 489 U.S. at 391).

Plaintiff's allegation regarding Defendant's failure to train is insufficient by itself to withstand Defendant's motion. *See Seaman v. Pyramid Techs., Inc.*, No. SACV 10-00070 DOC (RNBx), 2011 WL 5508971, at *5 (C.D. Cal. Nov. 7, 2011) ("Courts have made clear that mere conclusory assertions without sufficient factual support are insufficient to oppose a motion for summary judgment in which the moving party has satisfied its burden."). In support of her allegation, Plaintiff contends material issues of fact exist because:

> 1) there were no grounds to conduct a domestic violence investigation (and thus no grounds for Plaintiff to be confined by the Officer to the bedroom); 2) she instructed the officer to leave and he refused; 3) the officer continued to confine her without grounds for doing so; 4) because the officer refused to leave and provide her privacy, she attempted to leave the room but was shoved by the Officer with so much force that she crashed against the back wall of the bedroom; 5) she did not initiate any physical contact with the Officer; 6) she was much smaller in size and stature compared to the Officer[;] and 7) she had voluntarily removed herself to the bedroom.

(ECF No. 12 at 9–10.) Based on these factual contentions that conflict with Defendant's Statement of Undisputed Facts (ECF No. 11-5), Plaintiff argues a reasonable trier of fact could conclude Officer Bahr was inadequately trained. (*Id.* at 10.)

However, none of Plaintiff's contentions, or anything else on the record, demonstrates a "specific training deficiency" or a "deliberate" or "conscious" choice by Defendant to fail to train Officer Bahr. *See City of Canton, Ohio*, 489 U.S. at 390–91. Plaintiff's evidence focuses solely on the actions of Officer Bahr, and these actions show "little about the training program or the legal basis for holding" Defendant liable. *See id.* at 391. As Plaintiff has provided no evidence as to Defendant's failure to train, Claim Four fails as a matter of law. *See Sanders*, 551 F. Supp. 2d at 1179 (granting summary judgment on *Monell* claim because "Plaintiff has provided no

evidence of any policies, has not shown that [the defendant city's] training was inadequate, and has not shown any culpable conduct by final policy makers. All the evidence shows is a single incident by non-policymaking police officers, which is insufficient to show a policy or custom.") (internal citations omitted); *Carrasco v. City of Vallejo*, No. Civ.S001968 WBS JFM, 2001 WL 34098655, at *6 (E.D. Cal. Sept. 6, 2001) (granting summary judgment on *Monell* claim because plaintiff failed to point to any evidence suggesting the city failed to train its officer or that such a failure to train was attributable to deliberate indifference). Accordingly, the Court GRANTS Defendant's motion as to Claim Four.

### IV. CONCLUSION

For the foregoing reasons, the Court hereby GRANTS Defendant's Motion for Summary Judgment as to all of Plaintiff's claims. (ECF No. 11.)

IT IS SO ORDERED.

DATED: May 17, 2021

Troy L. Nunley
United States District Judge